B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>NOREEN WISCOVITCH RENTAS, AS TRUSTEE<br>OF THE ESTATE OF MARIA ISABEL MARQUEZ<br>SABATER | **DEFENDANTS**<br>MANUEL ENRIQUE BENITEZ GONZALEZ<br>PO BOX 361542<br>SAN JUAN, PR 00936-1542 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>ENRIQUE N. VELA COLON<br>PO BOX 363805    TEL 787-775-0216<br>SAN JUAN, PR 0936-3805 | **ATTORNEYS** (If Known)<br>ANTONIO I. HERNANDEZ RODRIGUEZ<br>PO BOX 116204    TEL. 250-0575<br>SAN JUAN, PR 00910-0509 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO OBTAIN COURT APPROVAL FOR THE SALE OF CO-OWNED PROPERTY OF THE ESTATE PURSUANT TO SECTION 363(h) OF THE BAPCPA

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☒ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>MARIA ISABEL MARQUEZ SABATER | | BANKRUPTCY CASE NO.<br>2009-07434 | |
| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO | | DIVISION OFFICE | NAME OF JUDGE<br>SEK |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>N/A | DEFENDANT<br>N/A | | ADVERSARY PROCEEDING NO.<br>N/A |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>N/A | | DIVISION OFFICE<br>N/A | NAME OF JUDGE<br>N/A |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br><br>JULY 1st, 2010 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>ENRIQUE N. VELA COLON | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the matter of:<br>MARÍA ISABEL MÁRQUES SABATER<br><br>DEBTOR | CASE NO. 2009-07434 (SEK)<br><br>CHAPTER 7 |
| NOREEN WISCOVITCH RENTAS, as Trustee for the Estate of María Isabel Márques Sabater<br>PLAINTIFF<br><br>vs<br><br>MANUEL ENRIQUE BENÍTEZ GONZÁLEZ<br>DEFENDANT | ADV. NO. 2010- |

## COMPLAINT
## TO OBTAIN COURT APPROVAL FOR THE SALE
## OF CO-OWNED PROPERTY OF THE ESTATE
## PURSUANT TO SECTION 363 (h) OF BAPCPA

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, Noreen Wiscovith Rentas as trustee for the Estate of María Isabel Márques Sabater, through the undersigned attorney, and very respectfully to this Honorable Court alleges, shows, states and requests relief as follows:

### JURISDICTION AND VENUE

1. This is a core proceeding under 11 U.S.C. §363(h)(i)(j), 11 U.S.C. §541 (a), 11 U.S.C. §726 (c) and FRBP 7001 (3) to obtain Court approval for the sale of both the interest of the estate and of co-owners of the property described below, with the distribution of the proceeds of the sale to be effectuated according to the percentage of ownership of each Co-defendant and the Debtor.

2. This Honorable Court has jurisdiction over this case pursuant to 28 U.S.C. §157 (b)(2)(N) and 28 U.S.C. 1334.

3. The United States Bankruptcy Court for the District of Puerto Rico has venue for this matter in accordance with 28 U.S.C. §1408.

## PARTIES

4. Plaintiff, Noreen Wiscovith Rentas is the duly appointed Chapter 7 Trustee for the Estate of María Isabel Márques Sabater. She has standing to appear as plaintiff pursuant to 11 U.S.C. §323. The bankruptcy estate of María Isabel Márques Sabater has a percentage of ownership in the community of owners of the real property described below of 50%.

5. Defendant, MANUEL ENRIQUE BENÍTEZ GONZÁLEZ who, to the best of the Trustee's knowledge and belief, is of legal age and residents of San Juan, Puerto Rico. Defendant is part of the community of co-owners of the real properties described below; his percentage of co-ownership is 50 % in each of the properties described below. Defendant is not an incompetent person, thus with standing to appear as Defendant in this case.

## ALLEGATIONS

6. Debtor, María Isabel Márques Sabater, filed the present bankruptcy petition as a voluntary petition under Chapter 7 of the Bankruptcy Code on September 2, 2009. Plaintiff was appointed Chapter 7 Trustee of the Estate of María Isabel Márques Sabater on September 3, 2009.

7. Defendant and the estate of María Isabel Márques Sabater are the owners in community property in the properties described as follows:

(A) URBANA: Solar radicado en el barrio Monacillos de Río Piedras, Puerto Rico, marcado con el número cuarenta y tres (43) en el plano de la Urbanización de la finca principal con una cabida superficial de dos mil trescientos noventa y cuatro punto cuarenta y seis (2,394.46) metros cuadrados. Colinda por el Norte, en cincuenta y ocho punto diecisiete (58.17) metros, con el solar cuarenta y cinco (45); por el Sur, en ochenta y seis punto ochenta y cuatro (86.84) metros, con el solar cuarenta y uno (41); por el Este, en treinta (30.00) metros, con la calle Santa María; y por el Oeste, en cincuenta y cuatro punto noventa y uno (54.91) metros, con la finca principal. (URBANIZACION SANTA MARIA).

----The above described property is registered at page 226 of volume 804 of Monacillos, Property

number 24,493, Registry of the Property of San Juan, Third Section.

(B) URBANA: Solar número Doscientos Setenta y Cuatro (274) de la Manzana letra H del plano de la URBANIZACION REPARTO BALDRICH, radicada en el Barrio de Hato Rey del término municipal de Río Piedras, Puerto Rico, con una cabida de cuatrocientos sesenta y nueve punto treinta y cinco (469.35) metros cuadrados, y con las siguientes medidas y colindancias: Por el Norte, en catorce punto cero cero (14.00) metros, con la Calle Los Rosales; por el Sur, en igual medida, con terrenos del Municipio de Río Piedras; por el Este, en treinta y tres punto treinta y cinco (33.35) metros, con el solar número doscientos setenta y tres (273) de la Urbanización; y por el Oeste, en treinta y tres punto setenta (33.70) metros, con el solar número doscientos setenta y cinco (275) de la Urbanización.

En este solar existe una casa de hormigón reforzado, de una sola planta, constando de sala-comedor, tres dormitorios, cocina, pantry y baño. Separado del edificio y hacia el fondo izquierdo del solar entrando, tiene su garaje y cuarto de servicio con servicio sanitario, construido de bloques de hormigón.

----The above described property is registered at page 138 of volume275 of Río Piedras Norte, property number 3,747, Registry of the Property of San Juan, Second Section.

(C) URBANA: Solar número Ciento Dieciocho (118) de la Manzana G del plano de URBANIZACION REPARTO BALDRICH, radicada en el Barrio Hato Rey, Río Piedras, Puerto Rico, hoy jurisdicción de la Capital de Puerto Rico, con una cabida de cuatrocientos noventa y cinco punto cero cero (495.00) metros cuadrados, con las siguientes medidas y colindancias: Por el Norte, en treinta y tres punto cero cero (33.00) metros, con el solar ciento diecinueve (119) de la Manzana G de la Urbanización; por el Sur, en igual medida, con el solar ciento diecisiete (117) de la Manzana G; por el Este, en quince punto cero cero (15.00) metros, con los solares ochenta y nueve (89) y noventa (90) de la misma Manzana G; y por el Oeste, en igual medida, con la calle Tulia, conocida como Calle Independencia.

---Enclava una residencia de concreto armado de una planta con techo de concreto, que incluye balcón, sala-comedor, tres dormitorios, dos baños, cocina, laundry, galeria en la parte posterior con una edificación accesoria destinada a garaje y cuarto de servicio.

----The above described property is registered at page 172 of volume 193 of Río Piedras Norte, property #1517, Registry of the Property of San Juan, Second Section.

(D) RUSTICA: Parcela de terreno designada con el número uno (1) según el plano de inscripción de terrenos propiedad de Martín Matos y sus hijos; La Sucesión de Felicita Serrano Zayas, localizado en la carretera municipal "Los Andino", barrio Cupey Alto (Río Piedras), San Juan, Puerto Rico, compuesto de mil doscientos dieciocho punto dos mil seiscientos cuarenta y uno (1218.2641) metros cuadrados, en lindes por el Norte, en veintiocho punto cuatrocientos ochenta (28.480) metros, con una franja dedicada a uso público; por el Este, en treinta y tres punto trescientos sesenta y dos (33.362) metros, con la parcela número diez (10) que aquí se segrega; por el Sur, en treinta y ocho punto trescientos once (38.311) metros, con la parcela número dos (2) que aquí se segrega y; por el Oeste, en cuarenta y dos punto ciento treinta y seis (42.136) metros, con terrenos

de Desiderio García.

------The above described property is registered at page 145 of volume 251 of Río Piedras Sur, Property #8,228 of the Registry of the Property of San Juan, Fourth Section.

(E) Any and all other properties of any kind, including but not limited to jewelry, accessories, watches, automobiles, paintings, sculptures, music instruments, boats, watercrafts, any other property and/or personal property that is not exempted under 11 U.S.C. §522 and or any other disposition of the BAPCPA.

8. To the best of Plaintiff's knowledge and belief, the above-described properties may have valid and perfected liens, as they appear from the Registry of the Property.

9. Plaintiff, as the Chapter 7 Trustee, intends to sell this real properties pursuant to the provisions of 11 U.S.C. §363 (f) and (h).

10. Defendant, together with the Debtor in this case, at the time of the purchase of the property were jointly liable for the outstanding secured claims due to the holders of the mortgage notes and/or of any other secured and/or unsecured claims, if any.

11. Plaintiff seeks to sell the properties listed above in order to distribute the resulting proceeds to the creditors of this Estate. Plaintiff states that to obtain benefit from the sale of these real properties, they must be sold as a single unit and not only the percentage of interest held by the Estate.

12. The schedules, the Statement of Financial Affairs and Debtor's testimony at the creditor's meeting held pursuant to §341, indicate that all or most of the Estate's obligations were accrued by Debtor and the conjugal partnership he had constituted with her ex-husband, Defendant, Manuel Enrique Benítez González. Consequently, the net proceeds of the sales recovered by the Plaintiff shall be distributed to creditors of the estate. If there is any surplus of money after all conjugal partnership debts have been paid, Defendant will receive 50% of said surplus and the Estate of Debtor will retain the other 50%, to pay any debts owed to creditors of claims that are not conjugal

debts. See *In re Bobonis*, 191 BR 268 (1995).

13. Due to the above, 50% of the net proceeds of the sales recovered by the Plaintiff shall be distributed to Defendant after all joint conjugal partnership debts and administrative expenses have been paid.

14. The Chapter 7 Trustee, as Plaintiff, purports the following:

A. Partition in kind of the property between the Estate and the Defendant is impracticable;

B. Sale of the estate's undivided interest would realize significantly less for the Estate than a sale of the entire property free of the interests of such co-owner;

C. The benefits of the Estate of a sale of such property free of the interest of Defendant outweighs the detriment, if any, to the Defendant; and

D. The properties involved are not used in the production, transmission, or distributions of electric energy or natural gas sold for heat, power, or light.

## PRAYER FOR RELIEF

WHEREFORE, it is requested from this Honorable Court for relief as follows:

A) Issue judgment allowing the Trustee to sell the properties of the Estate free and clear of co-ownership interest, subject to 11 U.S.C. §363 (h) (i) (j),

B) Issue judgment allowing the Trustee to receive and distribute to creditors of the bankruptcy estate the proceeds of the sale of this properties pursuant to the provisions of 11 U.S.C. §541 (a) and 11 U.S.C. §726 (c) in compliance with *In Re Bobonis*, supra.

C) Deliver to the Defendant 50% of the surplus that may result after payment of all joint debts of the Debtor and the Defendant and the administrative expenses of the Estate.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 1st day of July, 2010.

ENRIQUE N. VELA COLON
Counsel for Plaintiff/Trustee
PO Box 363805
San Juan, PR 00936-3805
Tel.: 787-775-0216
Fax: 787-706-5540
e-mail: velacolone@microjuris.com
U.S.D.C.-P.R. #123101